On respondent's motion to dismiss filed April 15, motion denied June 26, 1991

# EMANUEL SISTRUNK,
*Petitioner,*

*v.*

# EASTERN OREGON CORRECTIONAL INSTITUTION,
*Respondent.*

(F02-91-102; CA A69058)

813 P2d 74

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Ann Kelley, Assistant Attorney General, Salem, for the motion.

Emanuel M. Sistrunk, Pendleton, *pro se, contra.*

Before Rossman, Presiding Judge, and Newman and Edmonds, Judges.

ROSSMAN, P. J.

## ROSSMAN, P. J.

Petitioner, an inmate at Eastern Oregon Correctional Institution (EOCI), seeks judicial review of a disciplinary order issued by the EOCI Superintendent. The issue is whether the petition was timely filed. We determine that the petition was timely filed, even though it was filed more than 30 days after the order imposing discipline was originally approved, because it was filed within 30 days after the denial of an administrative appeal.

These events preceded the filing of the petition:

February 14  Hearings officer issued "Finding of Facts, Conclusions and Recommendations."

February 19  Superintendent approved the hearings officer's recommendations.

February 28  Petitioner requested the Superintendent to reconsider the decision.

March 6  Superintendent denied reconsideration.

ORS 421.195[1] requires that a petition for judicial review be filed within 30 days after issuance of the disciplinary order for which review is sought. The petition for judicial review was received by this court on April 1. Respondent has moved to dismiss on the ground that the petition was filed more than 30 days after the date when the Superintendent approved the hearings officer's recommendations. Petitioner responds that the Corrections Department's rule relating to discipline provides for administrative review of disciplinary orders. He argues that a disciplinary order is not final until the administrative appeal process is completed and, because he filed his petition for judicial review within 30 days after the Superintendent's denial of reconsideration, the petition was timely.

■  OAR 291-105-071[2] provides that an inmate has the

---

[1] ORS 421.195 provides in relevant part:

"If an order places an inmate in segregation or isolation status for more than seven days, institutionally transfers the inmate for disciplinary reasons or provides for nondeduction from the term of the sentence under ORS 421.120(1)(a) and (b), the order and the proceedings underlying the order are subject to review by the Court of Appeals upon petition to that court filed within 30 days of the order for which review is sought."

[2] OAR 291-105-071 provides:

"(1) Upon being informed that he/she has been found in violation of a rule

right to "appeal" a disciplinary decision to the "functional unit manager" who, in this case, is the Superintendent of EOCI. The appeal must be submitted within 15 days after issuance of the initial decision, and the functional unit manager must decide it within 30 days. OAR 291-105-073[3] says that a petition for judicial review must be filed within one month after the functional unit manager's "final order." The question is whether the final order is the original order as approved by the functional unit manager or the functional unit manager's decision on administrative appeal.

■ An administrative agency cannot change the statutory requirement that judicial review be sought within 30 days after the issuance of a disciplinary order, but its rules

---

of conduct and of the resulting imposition of a disciplinary sanction or remedial program changes, an inmate shall have the right to submit a written appeal to the functional unit manager. Such appeal must be filed within fifteen (15) calendar days of the date the inmate is notified of the written decision of the Disciplinary Adjudicator, Hearings Officer, and/or Committee. Filing of an appeal will not stay the imposition of a sanction. The functional unit manager shall, upon receipt of the appeal, review the case in terms of the following factors:

"(a)  Was there substantial compliance with this rule?

"(b)  Was the decision based on substantial evidence?

"(c)  Was the sanction imposed proportionate to the offense and consistent with the provisions of this rule?

"(2)  The functional unit manager will provide the inmate with a written decision within thirty (30) calendar days of his/her receipt of the inmate's appeal."

[3] OAR 291-105-073 provides:

"(1)  Any order which places an inmate in disciplinary segregation status for more than seven (7) calendar days, and/or results in reprogramming of the inmate's probable release date (i.e., loss of statutory Good Time or extension of a parole release date by the Board of Parole) is subject to review by the Court of Appeals.

"(2)  Petitions for judicial review must be filed by the inmate with the Court of Appeals within one month after the Functional Unit Manager's final order.

"(3)  Upon the filing of a 'Petition for Judicial Review,' a Hearing Record of the challenged disciplinary action(s) shall be prepared for the Attorney General's Office for transmittal to the Court of Appeals and others as required by ORS 421.195.

"(4)  When an inmate is serving a concurrent probationary sentence, the Oregon Department of Corrections, by statute, is required to notify the sentencing judge of any major rule violation(s) involving additional violation(s) of law and/or the conditions of probation. The functional unit manager may recommend to the sentencing judge that the rule violation(s) be regarded as a violation of the conditions of probation."

.

may determine when an order becomes final. Under OAR 291-105-071, only when an inmate appeals to the functional unit manager is the order not final until the manager decides the appeal. It follows that a petition for judicial review is timely if it is filed within 30 days after the manager's disposition of the appeal. To hold otherwise would allow an inmate to be deprived of the statutory right to judicial review by making a timely appeal to the manager, only to have the time for seeking judicial review expire during the administrative appeal process.

Petitioner timely appealed the disciplinary order to the Superintendent. The Superintendent issued his decision on the appeal within 30 days. Petitioner filed his petition for judicial review within 30 days after the Superintendent's decision. The petition was timely.

Motion to dismiss denied.